# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

                Plaintiff,      :      Case No. 3:14-cv-457

                                          District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

DAYTON POLICE DEPARTMENT, et al.,

                Defendants.      :

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

1

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).  In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).  Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

In his Complaint Edwards names as defendants the Dayton Police Department and two Dayton police officers, Mark Gross and Sergeant Ronald Robinson; he also names The Montgomery County Sheriff Department and deputy sheriffs Jim Miller and Foster Jones (Complaint, Doc. No. 2, PageID 11).

In the body of the Complaint, Edwards alleges that he encountered Deputy Jones at a BP gas station at 2:17 a.m. on December 13, 2014. *Id.* at PageID 12.  Jones summoned Edwards to come to his location, but Edwards fled.  Jones gave chase, caught up with Edwards, said "get your black ass over here," and had his hand on his gun. *Id.* at PageID 12.  Edwards says he was waiting around for the gas station to reopen at 3:00 a.m.  This does not state a claim for relief against Deputy Jones.  A law enforcement officer may properly inquire into the purpose of a person loitering on foot in the vicinity of a closed retail establishment at 2:17 in the morning.  The only possible misconduct Edwards alleges against Jones is the use of coarse language, which is not a violation of the Constitution.

Respecting Deputy Jim Miller, Edwards alleges that he has been harassing Edwards since April 2014 when Edwards met Miller at another gas station across from the Radisson Hotel on Wagner Ford Road.  Miller allegedly caused an unnamed white guard to search Edwards' room at the Radisson for contraband. *Id.* at PageID 12.  Edwards does not allege anything was seized from his room.

As a result of these behaviors of Jones and Miller, Edwards seeks damages in the amount of $1.2 billion, the arrest of Sergeant Robinson (against whom no allegations are made); the arrest of Foster Jones, the firing of Jim Miller, promotion of three other police officers or deputy sheriffs, appointment as an intern to the Attorney General of United States, appointment as an Assistant United States Marshal, and an instruction to the "police and deputies" to leave him alone. *Id.* at PageID 13.

This Court's standard complaint form for *in forma pauperis* cases requires a plaintiff to list each prior lawsuit in which he or she has been a plaintiff and Edwards lists Case No. 3:04-cv-121.  He fails to list Cases Nos. 3:00-cv-171(dismissed voluntarily by Edwards), 3:03-cv-

301(dismissed for want of prosecution), 3:04-cv-205 (dismissed for lack of jurisdiction), 3:07-cv-438(dismissed for failure to state a federal claim), 3:07-cv-455(dismissed for failure to state a claim), 3:08-cv-052(dismissed for lack of federal jurisdiction), 3:08-cv-075(same), 3:08-cv-155 (failure to state a federal claim), 3:08-cv-156 (same), 3:08-cv-157 (dismissed as duplicative of 3:08-cv-075), 3:08-cv-158 (dismissed for failure to state a federal claim), 3:08-cv-397(same), 3:12-cv-338(same), or 3:14-cv-374(still pending).

The Complaint in this case should be dismissed without prejudice for failure to state a claim upon which relief can be granted. No allegations at all are made against the Montgomery County Sheriff, the Dayton Police Department, Mark Gross, or Sergeant Robinson. The actions alleged against Deputy Jones do not constitute a seizure such as would be re view able under the Fourth Amendment. The actions alleged against Deputy Miller likewise do not state a claim under the Fourth Amendment.

The Clerk shall not issue process in this case until further order of the Court.

December 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).